TROY LAW, PLLC
Aaron Schweitzer (AS 6369)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
troylaw@troypllc.com
*Attorneys for the Plaintiff, proposed FLSA*
*Collective and potential Rule 23 Class Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-------------------------------------------------------------------x
GUI HUA DING,
*on behalf of himself and others similarly situated,*
                                        Plaintiff,

                        v.

BAUMGART RESTAURANT, INC.
    d/b/a Baumgart's Café,
BAUMGART'S NEXT DOOR, INC.
    d/b/a Baumgart's Café,
GOU-FU WANG
    a/k/a Sam Wang,
STEVE WU,
MARSHA WU, and
THEAN CHOO CHONG,
                                        Defendants.
-------------------------------------------------------------------x

**Case No: 2:18-cv-10358**

**29 U.S.C. § 216(b) COLLECTIVE ACTION & FED. R. CIV. P. 23 CLASS ACTION**

**COMPLAINT**

Plaintiff GUI HUA DING (hereafter referred to as "Plaintiff"), on behalf of himself and others similarly situated, by and through his attorneys, Troy Law, PLLC, hereby brings this complaint against Defendants BAUMGART RESTAURANT, INC. d/b/a Baumgart's Café; BAUMGART'S NEXT DOOR, INC. d/b/a Baumgart's Café; GOU-FU WANG a/k/a Sam Wang, STEVE WU, MARSHA WU, and THEAN CHOO CHONG, (collectively as "Defendants") and alleges as follows:

**INTRODUCTION**

1. This action is brought by Plaintiff, on behalf of himself as well as other employees similarly situated, against Defendants for alleged violations of the Fair Labor Standards Act, ("FLSA")

1

29 U.S.C. § 201 *et seq.* and of the New Jersey Wage and Hour Law, NJSA § 34:11-56 *et seq* ("NJWHL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, minimum wage and overtime compensation for all hours worked over forty (40) each workweek.

3. Defendants refused to record all of the time that Plaintiff and similarly situated employed by Corporate Defendants work or worked, including work done in excess of forty hours each week.

4. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs.

5. Plaintiff further alleges pursuant to NJWHL that he is entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) out of pocket expenses to delivery experts on the road, (5) prejudgment interest, (6) post-judgment interest, and (7) attorney's fees and costs.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey State Law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

8. On or about October 01, 2015, Plaintiff GUI HUA DING was employed by Defendants to work as a deliveryman at Baumgart's Café located at 45 E Palisade Avenue, Englewood, NJ 07631.

## DEFENDANTS

*Corporate Defendants*

9. Defendant BAUMGART RESTAURANT, INC. d/b/a Baumgart's Café is a domestic business corporation organized under the laws of the State of New Jersey with a principal address 45 E Palisade Avenue, Englewood, NJ 07631.

10. Upon information and belief, BAUMGART RESTAURANT, INC. d/b/a Baumgart's Café is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

11. Upon information and belief BAUMGART RESTAURANT, INC. d/b/a Baumgart's Café purchased and handled goods moved in interstate commerce.

12. Defendant BAUMGART'S NEXT DOOR, INC. d/b/a Baumgart's Café is a domestic business corporation organized under the laws of the State of New Jersey with a principal address 45 E Palisade Avenue, Englewood, NJ 07631.

13. Upon information and belief, BAUMGART'S NEXT DOOR, INC. d/b/a Baumgart's Café is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

14. Upon information and belief BAUMGART'S NEXT DOOR, INC. d/b/a Baumgart's Café purchased and handled goods moved in interstate commerce.

*Owner/Operator Defendants*

15. Each of the Owner/Operator Defendants STEVE WU, MARSHA WU, and GOU-FU WANG

a/k/a Sam Wang, as founders of the Baumgart enterprise, which includes BAUMGART RESTAURANT, INC. d/b/a Baumgart's Café, has the power to hire and fire employees, determine the wages and compensation of the employees, establish work schedules and work load of the employees, and maintain employee records.

16. Owner/Operator Defendants GOU-FU WANG a/k/a Sam Wang, STEVE WU, and MARSHA WU are jointly committed to the brand management, food quality control, and the operation of the Asian-Italian fusion restaurant chain.

17. To ensure the quality of their "multinational menu, from sesame chicken, pastrami, and homemade ice cream in our friendly, '50s soda fountain ambience," GOU-FU WANG a/k/a Sam Wang regularly and frequently checked the food quality at each Baumgart restaurant location, and instructed employees on how to maintain food quality.

18. Owner/Operator Defendant THEAN CHOO CHANG, known as "Boss" to Plaintiff GUI HUA DING, as the registered agent, director and incorporator of BAUMGART'S NEXT DOOR, INC. d/b/a Baumgart's Café, has the power to hire and fire employees, determine the wages and compensation of the employees, establish work schedules and work load of the employees, and maintain employee records.

19. Owner/Operator Defendants acted intentionally and maliciously and are employers pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, NJWHL § 34:11-4.1 and the regulations thereunder, and are jointly and severally liable with BAUMGART RESTAURANT, INC. d/b/a Baumgart's Café and BAUMGART'S NEXT DOOR, INC. d/b/a Baumgart's Café.

20. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

21. Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at least the hourly minimum wage and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings his NJWHL claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is two (2) years before the filing of the Complaint in this case as defined herein (the "Class Period").

23. All said persons, including Plaintiff, are referred to herein as the "Class."

24. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

25. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

26. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a. Whether Defendants employed Plaintiff and the Class within the meaning of the NJWHL;

   b. Whether Plaintiff and Class members are paid at least the minimum wage for each hour worked under the NJWHL;

   c. Whether Plaintiff and Class members are entitled to and paid overtime under the NJWHL; and

   d. At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

*Typicality*

27. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

28. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent representing plaintiffs in both class action and wage and hour employment litigation cases.

*Superiority*

29. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

30. Upon information and belief, Defendants and other employers throughout the state violate the NJWHL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their

employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF FACTS

31. Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff GUI HUA DING, the FLSA Collective Plaintiffs, and the Class.

32. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff GUI HUA DING his lawfully owed wage, at least the minimum wage for all hours worked and lawfully overtime compensation of one and one-half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek.

33. While employed by Defendants, Plaintiff GUI HUA DING was not exempt under federal and state laws requiring employers to pay employees overtime.

34. Defendants failed to keep full and accurate records of Plaintiff GUI HUA DING's hours and wages.

*Plaintiff GUI HUA DING*

35. On or about October 1, 2015, Plaintiff GUI HUA DING was hired by Defendants to work as a deliveryman for BAUMGART RESTAURANT, INC. d/b/a Baumgart's Café and located at 45 E Palisade Avenue, Englewood, NJ 07631.

36. From on or about October 1, 2015 to September 30, 2017, Plaintiff GUI HUA DING was employed by BAUMGART RESTAURANT, INC. d/b/a Baumgart's Café and located at 45 E Palisade Avenue, Englewood, NJ 07631.

37. From on or about October 1, 2017 to April 29, 2018, Plaintiff GUI HUA DING was employed by BAUMGART'S NEXT DOOR, INC. d/b/a Baumgart's Café, also located at 45 E Palisade Avenue, Englewood, NJ 07631.

38. Between October 1, 2015 and September 30, 2017, Plaintiff GUI HUA DING worked:

    a. From 11:30 to 22:00, ten and one-half (10.5) hours a day, five (5) days each week; and

    b. From 17:00 to 22:00, five (5) hours, one (1) day each week.

39. Between October 1, 2015 and September 30, 2017, Plaintiff worked fifty-seven and one-half (57.5) hours on average each week.

40. In addition, between October 1, 2015 and September 30, 2017, Plaintiff GUI HUA DING was on driver duty for three (3) to four (4) days a week. In other words, he had to drive the transportation van to bring other restaurant employees to and from set location in Flushing to Englewood New Jersey.

41. On the way to the restaurant, Plaintiff GUI HUA DING would drive restaurant employees from Flushing to Englewood, New Jersey from 10:30 and arrive at the restaurant at 11:30.

42. On the way home from the restaurant, Plaintiff GUI HUA DING was also responsible to drive employees from Englewood, New Jersey to Flushing. Regularly, he would arrive in Flushing at 22:40.

43. As a result, Plaintiff GUI HUA DING worked an extra one (1) hour and forty (40) minutes on days when he drove employees to and from the restaurant and Flushing; five (5) additional hours per week on weeks when he drove employees three (3) days per week, and six (6) hours forty (40) minutes on weeks when he drove employees four (4) days per week.

44. Therefore, between October 1, 2015 and September 30, 2017, Plaintiff worked sixty-three and one-third (63.33) hours a week on average.

45. Between October 1, 2015 and September 30, 2017, Plaintiff GUI HUA DING alternated with another employee who was also placed on driver duty.

46. Between October 1, 2015 and September 30, 2017, Plaintiff GUI HUA DING was paid three

hundred dollars ($300) a week plus fifteen dollars ($15) for each day in which he was on driver duty.

47. Between October 1, 2017 and April 29, 2018, Plaintiff GUI HUA DING worked:

   a. From 11:30 to 22:00 for ten and a half (10.5) hours a day, five (5) days each week.

48. Between October 1, 2017 and April 29, 2018, Plaintiff worked fifty-two and one-half (52.5) hours on average each week.

49. In addition, between October 1, 2017 and April 29, 2018, Plaintiff GUI HUA DING was on driver duty for three (3) to four (4) days a week. In other words, he had to drive the transportation van to bring other restaurant employees to and from set location in Flushing to Englewood New Jersey.

50. On the way to the restaurant, Plaintiff GUI HUA DING would drive restaurant employees from Flushing to Englewood, New Jersey from 10:30 and arrive at the restaurant at 11:30.

51. On the way home from the restaurant, Plaintiff GUI HUA DING was also responsible to drive employees from Englewood, New Jersey to Flushing. Regularly, he would arrive in Flushing at 22:40.

52. As a result, Plaintiff GUI HUA DING worked an extra one (1) hour and forty (40) minutes on days when he drove employees to and from the restaurant and Flushing; five (5) additional hours per week on weeks when he drove employees three (3) days per week, and six (6) hours forty (40) minutes on weeks when he drove employees four (4) days per week.

53. Therefore, between October 1, 2017 to April 29, 2018, Plaintiff worked fifty-eight and one-third (58.33) hours a week on average.

54. Between October 1, 2017 and April 29, 2018, Plaintiff GUI HUA DING alternated with another employee who was also placed on driver duty.

55. Between October 1, 2017 and April 29, 2018, Plaintiff GUI HUA DING was paid three hundred twenty-five dollars ($325) a week plus fifteen dollars ($15) for each day in which he was on driver duty.

56. At all relevant times, while his position is that of a deliveryman, Plaintiff GUI HUA DING has had to move inventory, stock inventory, do sauce for the delivery bags, and buy things for the restaurant.

57. At all relevant times, Plaintiff GUI HUA DING was not given any time for break.

58. At all relevant times, Plaintiff GUI HUA DING was not compensated at least at one-and-one-half of the minimum wage or his calculated hourly wage, whichever is greater, for all hours worked above forty (40) in each workweek.

59. As part of Plaintiff GUI HUA DING's employment with Defendants, Plaintiff GUI HUA DING was required to bear the cost of maintaining a car to deliver food for Defendants' benefit.

60. In particular, Plaintiff GUI HUA DING was required to deliver more than twenty (20) orders a day with five (5) miles as the radius for each order.

## STATEMENT OF CLAIMS

### COUNT I.
### [Violations of the Fair Labor Standards Act—Failure to Pay Minimum Wage Brought on behalf of the Plaintiff and the FLSA Collective]

61. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

62. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the similarly situated collective action members, for some or all of the hours they worked.

63. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in

an additional equal amount as liquidated damages.

64. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II.
### [Violation of New Jersey Wage and Hour Law—Failure to Pay Minimum Wage Brought on behalf of Plaintiff and Rule 23 Class]

65. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

66. At all relevant times, Plaintiff was employed by Defendants within the meaning of NJWHL.

67. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the collective action members, for some or all of the hours they worked.

68. Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

69. By failing to pay Plaintiff and the class, the Plaintiff and Class Members are entitled to recover from Defendants their full unpaid minimum wage, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§ 34:11-56 *et seq*.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on behalf of the Plaintiff and the FLSA Collective]

70. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

71. The FLSA provides that no employer engaged in commerce shall employ a covered employee

for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC § 207(a).

72. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

73. Defendants' failure to pay Plaintiff and the FLSA Collective his overtime pay violated the FLSA.

74. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

75. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

76. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

77. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff

and Collective Action members.

## COUNT IV.
### [Violation of New Jersey Labor Law—Failure to Pay Overtime Brought on behalf of Plaintiff and Rule 23 Class]

78. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

79. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiffs at one and one-half times the hourly rate the Plaintiff and the class are entitled to.

80. Defendants' failure to pay Plaintiffs was not in good faith.

81. By failing to pay Plaintiffs and the class, the Plaintiffs and Class Members are entitled to recover from Defendants their full unpaid overtime pay, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§ 34:11-56a *et seq.*

## COUNT V.
### [Failure to Pay Delivery Experts Working "On The Road" Brought on Behalf of Plaintiff and the Class]

82. Plaintiff repeats and re-alleges all allegations in all preceding paragraphs as if fully set forth herein.

83. Throughout the relevant period, Defendants required their delivery experts to maintain and provide a safe, functioning, insured and legally-operable automobile to make deliveries.

84. Throughout the relevant period, Defendants required their delivery experts to bear all of the "out-of-pocket" costs associated with their vehicles, including costs for gasoline, vehicle depreciation, insurance, maintenance and repairs. For decades, the Internal Revenue Service ("IRS") has calculated and published a standard mileage reimbursement rate for businesses and employees to use in computing the minimum deductible costs of operating an automobile

for business purposes.

85. For 2015, the IRS Standard Mileage Rate was $0.575 per mile. For 2016, the IRS Standard Mileage Rate is $0.540 per mile. For 2017, the IRS Standard Mileage Rate was $0.535 per mile.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, and the FLSA Collective Plaintiffs and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

e) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) An award of unpaid minimum wage and overtime wages due under FLSA and NJWHL plus compensatory and, under the FLSA, liquidated damages;

g) An award of out-of-pocket breach-of-contract delivery costs for motor vehicle expenses incurred and expended by Plaintiff on Defendants' bequest and behalf;

h) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. § 216;

a) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. § 216(b) and NJWHL;

b) The cost and disbursements of this action;

c) An award of prejudgment and post-judgment fees; and

d) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, NY
June 10, 2018

    Respectfully submitted,
    TROY LAW, PLLC


    /s/ Aaron Schweitzer
    Aaron Schweitzer
    41-25 Kissena Boulevard, Suite 119
    Flushing, NY 11355
    Tel: (718) 762-1324
    troylaw@troypllc.com

    *Attorneys for the Plaintiff, proposed FLSA*
    *Collective, and proposed Class*