NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GUI HUA DING, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BAUMGART RESTAURANT, INC., *et al.*, <br><br> *Defendants*. | Civil Action No. 18-10358 <br><br> **OPINION** |

**John Michael Vazquez, U.S.D.J.**

      This matter comes before the Court on Plaintiffs Gui Hua Ding and Zhi Qiang Li's motion to certify a class and collective action.  Plaintiffs, former deliverymen at Defendants' restaurant, seek to certify a class of employees pursuant to Federal Rule of Civil Procedure 23 and Section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  Plaintiffs also seek an order for court-facilitated notice under the FLSA.  D.E. 64.  Defendants filed a brief in opposition to Plaintiffs' motion, D.E. 68, to which Plaintiffs' replied, D.E. 71.[1]  The Court reviewed all submissions made in support and in opposition to the motion, and considered the motion without oral argument pursuant to L. Civ. R. 78.1(b).  For the reasons stated below, Plaintiffs' motion is **GRANTED in part** and **DENIED in part**.

---

[1] Plaintiffs' brief in support of the motion to certify a class, D.E. 66, is referred to as "Plfs. Br."; Defendants' brief in opposition, D.E. 68, is referred to as "Defs. Opp"; and Plaintiffs' reply brief, D.E. 71, is referred to as "Plfs. Reply".

I.     **FACTUAL BACKGROUND & PROCEDURAL HISTORY**

Plaintiff Ding filed the Complaint in this matter on June 10, 2018, alleging that Defendants failed to pay him minimum wage and compensate him for overtime work as required by the FLSA and New Jersey Wage and Hour Law ("NJWHL"), N.J. Stat. Ann. § 34:11-56 *et seq*. Ding further alleges that Defendants had a policy and practice of underpaying other non-exempt and non-managerial employees.[2] D.E. 1. On July 9, 2019, Plaintiff Li filed a consent to join as a plaintiff in this matter. D.E. 41.

Ding was hired as a deliveryman at Defendant Baumgart Restaurant, Inc. ("Baumgart Café") on or about October 1, 2015. Compl. ¶ 35. Defendants Steve Wu, Marsha Wu, and Gou-Fu Wang are "founders of the Baumgart enterprise," which includes Baumgart Café, and had the power to hire, fire, determine wages, and establish work schedules for employees. *Id.* ¶ 15. Ding also alleges that Defendant Thean Choo Chang was the owner/operator of Baumgart Next Door, and also had the power to hire, fire, determine wages, and establish work schedules.[3] *Id.* ¶ 18.

Ding states that between October 1, 2015 and September 30, 2017, he worked 10.5-hour shifts five days a week and a five-hour shift once a week. Thus, Ding regularly worked 57.5 hours per week. Ding Aff. ¶¶ 6-7, D.E. 65-5. In addition to his job as a deliveryman, Ding was on "driver duty" three to four days a week, shuttling other employees to and from a location in

---

[2] The factual background is taken from the Complaint, D.E. 1; and affidavits provided by the parties. D.E. 65, 68-4, 68-5.

[3] The corporate structure of the "Baumgart enterprise" is unclear. In the Complaint, Ding asserts claims against two different corporate entities but refers to them both as Baumgart Café and pleads that he was employed by Baumgart Café. Compl. ¶¶ 9, 12, 35. In his affidavit, Ding states that he was employed by Baumgart Restaurant, Inc. from October 1, 2015 through September 30, 2017 and by Baumgart Next Door, Inc. from October 1, 2017 through April 29, 2018. Ding Aff. ¶¶ 4-5. Because Ding refers to the Defendants collectively, and because Defendants do not contest the collective reference, the Court will do the same.

Queens, New York to the restaurant in Englewood, New Jersey. *Id.* ¶¶ 8-10. Ding's work as a driver added about six more hours of work per week, for a total of approximately 63 hours a week. *Id.* ¶¶ 8-13. Ding was paid $300 a week, with an additional $15 a day while on driver duty. *Id.* ¶ 14.

From about October 1, 2017 to April 29, 2018, Ding worked 10.5 hours per day, five days a week, and was on driver duty three to four days a week. *Id.* ¶¶ 15-17. On average, Ding worked approximately 58 hours a week during this time frame. *Id.* ¶ 21. Ding was paid $325 per week and an additional $15 each day he was on driver duty. *Id.* ¶ 23. Ding was never given any breaktime throughout his employment. *Id.* ¶ 25.

Li was also a deliveryman for Baumgart Café from August 1, 2015 through March 10, 2019. Li Aff. ¶ 3, D.E. 65-6. Between August 1, 2015 and September 30, 2017, Li worked approximately 58 hours a week, and was on driver duty three or four days a week. Thus, Li worked an average of sixty-four hours a week during this time period. Li Aff. ¶¶ 12-13. Li was paid $300 a week plus an additional $15 each day he was on driver duty. *Id.* ¶ 14. Between October 1, 2017 and March 10, 2019, Li worked an average of 52.5 hours a week, and was on driver duty three to four days a week. Accordingly, Li worked a total of approximately 58 hours a week during this time, and was paid $325 a week, with an additional $15 for each day he was on driver duty. *Id.* ¶¶ 17, 23. Li also contends that he was not given any time for breaks. *Id.* ¶ 25.

Ding and Li both allege that Defendants had a policy of refusing to pay minimum wage, as well as overtime, to other non-exempt and non-managerial employees. Compl. ¶ 67. Plaintiffs continue that this policy violates the FLSA and the NJWHL's requirements for employers to provide one and a half times the wage rate for every hour worked in excess of 40 hours per week.

*Id.* ¶ 71. Plaintiffs seek several forms of relief, including compensation for unpaid minimum and overtime wages.[4]  *Id.* ¶ 81.

On April 19, 2019, Ding filed a motion to conditionally certify and provide notice to a class of similarly situated, non-managerial employees for his FLSA claims. D.E. 23. In support of the claim that other putative class members (all non-exempt, non-managerial employees in the three-year period prior to the filing of the claim) are "similarly situated," Plaintiff submitted an affidavit regarding the hours and pay rates of other employees. This Court denied Ding's motion without prejudice because Ding failed to provide sufficient evidence of a factual nexus between his experiences and those of all non-managerial employees. D.E. 59.

Ding and Li filed the instant motion to certify a class pursuant to the FLSA and Rule 23 on April 12, 2020. Plaintiffs again seek to certify a class of all non-managerial employees, and in the alternative seek to certify a class of deliverymen.[5] Plfs. Br. at 7. Plaintiffs also seek court-facilitated notice for their FLSA claims. *Id.* at 12-13.

---

[4] The Complaint also seeks reimbursement for out-of-pocket costs that Plaintiffs and other deliverymen incurred in the course of their delivery duties. Compl. ¶ 84. But this relief does not appear to apply the larger class, in which Plaintiffs seeks to include all non-managerial employees, including those without delivery duties.

[5] In their reply brief, Plaintiffs state that "the class should include, at least, all the tipped employees, including deliverymen." Plfs. Reply at 7. The Court does not consider this new proposed class definition as it was first raised in Plaintiffs' reply brief. *See e.g., Cobra Enterprises, LLC v. All Phase Servs., Inc.*, No. 20-4750, 2020 WL 2849892, at *1 (D.N.J. June 1, 2020) ("[T]his is a new argument raised in a reply brief and will not be considered. As a matter of procedure, this Court will not accept arguments offered for the first time in the reply brief, as they were not properly asserted in the opening brief and Plaintiffs have not had the opportunity to respond to them.").

## II.     LEGAL STANDARD

### A.  FLSA Collective Actions

The FLSA requires employers to pay overtime compensation for an employee's work that is over forty hours per week.  29 U.S.C. § 207(a).  In addition, the FLSA provides employees with a private right of action to bring a collective suit against an employer to recover unpaid wages. Pursuant to 29 U.S.C. § 216(b), an employee and "similarly situated" employees can file a collective action suit against an employer to recover unpaid overtime compensation.  The term "similarly situated," however, is not defined by the FLSA or the supporting regulations.  *See Ruffin v. Avis Budget Car Rental, LLC*, No. 11-1069, 2014 WL 294675, at *2 (D.N.J. Jan. 27, 2014).  As a result, courts have interpreted similarly situated to mean that a plaintiff must "produce some evidence, beyond pure speculation, of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees."  *Symczyk v. Genesis HealthCare Corp.* (*Symczyk I*), 656 F.3d 189, 193 (3d Cir. 2011), *rev'd on other grounds by Genesis HealthCare Corp. v. Symczyk (Symczyk II)*, 133 S. Ct. 1523 (2013).  Further, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  29 U.S.C. § 216(b).  Thus, employees must actively "opt-in" to an FLSA collective action suit.[6]

The Third Circuit follows a two-step process for deciding whether a case may proceed as an FLSA collective action.  *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 243 (3d Cir. 2013).  In the first step, a court must determine whether plaintiffs make "'a modest factual showing' that the employees identified in their complaint are 'similarly situated.'"  *Id.* (quoting

---

[6] In response to "excessive litigation spawned by plaintiffs lacking a personal interest in the outcome," the FLSA was amended in 1947 to, among other things, add the opt-in requirement. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 173 (1989).

*Zavala v. Wal-Mart Stores Inc.*, 691 F.3d 527, 536 & n.4 (3d Cir. 2012)). If plaintiffs satisfy this burden, "the court will 'conditionally certify' the collective action for the purpose of facilitating notice to potential opt-in plaintiffs and conducting pre-trial discovery." *Maddy v. Gen. Elec. Co.*, 59 F. Supp. 3d 675, 681 (D.N.J. 2014) (quoting *Zavala*, 691 F.3d at 536). A court usually considers conditional certification after the parties have engaged in limited discovery. *See, e.g.*, *Goodman v. Burlington Coat Factory*, No. 11-4395, 2012 WL 5944000, at *1-2 (D.N.J. Nov. 20, 2012).

The term conditional certification is actually a misnomer. Conditional certification of an FLSA matter does not produce a class with independent legal status and is not necessary "for the existence of a representative action under the FLSA." *Symczyk I*, 656 F.3d at 194. Rather, "[t]he sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court." *Symczyk II*, 133 S. Ct. at 1530 (internal quotations omitted).[7]

### B. Rule 23 Class Actions

Federal Rule of Civil Procedure 23 governs class actions. *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 590 (3d Cir. 2012). "[E]very putative class action must satisfy the four requirements of Rule 23(a) and the requirements of either Rule 23(b)(1), (2), or (3)." *Id.* at 590 (citing Fed. R.

---

[7] The second step, which is not at issue here, usually occurs after the close of full discovery. At the second step, courts apply a "stricter standard" to determine whether the plaintiffs are, in fact, similarly situated. *Zavala*, 691 F.3d at 535-36. To make this determination, courts "consider[] all the relevant factors and make[] a determination on a case-by-case basis." *Id.* at 536. While case specific, the relevant factors may include whether employees have the same job description, are subject to the same compensation plan, received the same training, or whether they advance similar claims and seek substantially the same form of relief. *Id.* at 536-37. Plaintiffs must establish by a preponderance of the evidence that they are similarly situated. *Id.* at 537. In addition, just because a class was conditionally certified at the first step does not mean that the class will also be certified at the second step. *See, e.g.*, *Adami v. Cardo Windows, Inc.*, No. 12-2804, 2016 WL 1241798, at *5-11 (D.N.J. Mar. 30, 2016) (decertifying class at second step because plaintiff failed to establish that he was similarly situated to other employees). If plaintiffs satisfy their burden at the second step, "the case may proceed to trial as a collective action." *Symczyk I*, 656 F.3d at 193.

Civ. P. 23(a)-(b)).  Plaintiffs first bear the burden of showing that the proposed class satisfies the four requirements of Rule 23(a):

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) There are questions of law or fact common to the class;
> (3) The claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) The representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013).  These four prongs are commonly referred to as numerosity, commonality, typicality, and adequacy.  *See, e.g., Erie Ins. Exch. v. Erie Indem. Co.*, 722 F.3d 154, 165 (3d Cir. 2013).

Plaintiffs also must show that the proposed class satisfies Rule 23(b)(1), (b)(2), or (b)(3). *Marcus*, 687 F.3d at 590.  Here, Plaintiffs argue that the putative class meets the requirements of Rule 23(b)(3).  Under Rule 23(b)(3), plaintiffs must establish the following:

> [T]he questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

Pursuant to Rule 23(c)(1)(A), a court "must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A).  The decision to certify a class or classes is left to the discretion of the court. *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 310 (3d Cir. 2008), *as amended* (Jan. 16, 2009).  "The requirements set out in Rule 23 are not mere pleading

7

rules." *Marcus*, 687 F.3d at 591 (citing *Hydrogen Peroxide*, 552 F.3d at 316). "The party seeking certification bears the burden of establishing each element of Rule 23 by a preponderance of the evidence." *Id.* (citing *Hydrogen Peroxide*, 552 F.3d at 307). "A party's assurance to the court that it intends or plans to meet the requirements is insufficient." *Hydrogen Peroxide*, 552 F.3d at 318.

The Third Circuit emphasizes that "actual, not presumed, conformance with Rule 23 requirements is essential." *Marcus*, 687 F.3d at 591 (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)) (internal quotations omitted). "To determine whether there is actual conformance with Rule 23, a district court must conduct a 'rigorous analysis' of the evidence and arguments put forth." *Id.* (quoting *Falcon*, 457 U.S. at 161). This "rigorous analysis" requires a district court to "resolve all factual or legal disputes relevant to class certification, even if they overlap with the merits – including disputes touching on elements of the cause of action." *Id.* Therefore, a district court "may delve beyond the pleadings to determine whether the requirements for class certification are satisfied." *Hydrogen Peroxide*, 552 F.3d at 320.

**III.   ANALYSIS**

    **A.  FLSA Collective Action**

        **1.  Conditional Certification**

Under the first step as set forth by the Third Circuit, Plaintiffs seek to conditionally certify a class of non-exempt, non-managerial employees at Baumgart Café. During the first step, courts apply "a fairly lenient standard" to determine whether the employees are "similarly situated." *Maddy*, 59 F. Supp. 3d at 681. It is sufficient if Plaintiffs establish that they "bring the same claims and seek the same form of relief." *Id.* Plaintiffs are not required to show that their positions are identical to the position of other potential class members. Rather, as noted, Plaintiffs must "produce some evidence, beyond pure speculation, of a factual nexus between the manner in which

the employer's alleged policy affected them and the manner in which it affected other employees." *Id.* (internal bracket omitted) (quoting *Symczyk I*, 656 F.3d at 193). In considering whether to conditionally certify a class, courts should consider "all relevant factors and make a factual determination on a case-by-case basis." *Id.* Courts, however, should not assess the merits of either a plaintiff's claims or a defendant's defenses during the conditional certification stage. *See Goodman*, 2012 WL 5944000, at *5-6.

In this instance, Plaintiffs demonstrate "a modest factual showing of a factual nexus" between their work and of other deliverymen at Baumgart Café. Plaintiffs establish that they both worked more than forty hours a week and were paid approximately $350 a week. Ding Aff. ¶¶ 6-23; Li Aff. ¶¶ 12-14, 17, 23. Moreover, Plaintiffs explain that at least two other deliverymen worked the same hours beginning in 2017 and were paid the same amount as Plaintiffs. Ding Aff. ¶¶ 50-56; Li Aff. ¶¶ 58-63. Plaintiffs further demonstrate that they know these employees' hours because they worked together every day, and learned their pay through "employee chat." *See* Ding Aff. ¶¶ 36-37, 50; Li Aff. ¶ 63. This evidence is sufficient to satisfy Plaintiffs' lenient burden to conditionally certify a class as to deliverymen. *See, e.g.*, *Ying Yang v. Village Super Market, Inc.*, No. 18-10486, 2019 WL 1275059, at *3-4 (D.N.J. Mar. 20, 2019) (concluding that the plaintiff's declaration, which listed three other similarly situated employees, and an additional employee's declaration provided sufficient evidence to conditionally certify an FLSA class).

Plaintiffs, however, still fail to establish that they are similarly situated with *all* non-managerial employees at Baumgart Café. As with their first motion to certify, Plaintiffs state that Defendants had a common policy to not pay employees overtime. Ding Aff. ¶ 105; Li Aff. ¶ 151. In the January 30 Opinion, this Court explained that Ding could not rely solely on this conclusory statement and needed to show that other employees' FLSA rights were violated. Jan. 30 Opinion

at 10. Now, Plaintiffs provide additional information about certain employees' compensation, but the evidence undermines Plaintiffs' assertion of a common policy.

Plaintiffs state that employees that they refer to as "fry woks" made $31,000 per month and that "oil woks" made $25,000 per month. Ding Aff. ¶ 37. Plaintiffs contend that they worked similar hours to the fry and oil woks. *Id.* Plaintiffs maintain that the head chef also worked similar hours and was paid $35,000 per month. Li Aff. ¶ 38. If accurate, the chef, fry woks employees, and oil woks employees made substantially more than minimum wage and it appears that they were paid overtime. Second, Plaintiffs assert that a number of other employees, including the wait staff, sushi chefs, and phone attendants, also worked similar hours but neither Plaintiff knows how much these employees were paid. Plaintiffs only establish that they learned what other deliverymen were paid. Li Aff. ¶ 129. Without this critical information about compensation for some employees, and in light of Plaintiffs' evidence demonstrating a substantial pay disparity with other employees, the Court cannot determine whether all non-managerial employees were similarly situated to Plaintiffs. Thus, because Plaintiffs only provide evidence demonstrating that they were similarly situated to other deliverymen, the Court will only conditionally certify a class of Baumgart Café deliverymen.

   2. **Class Notice**

Turning to Plaintiffs' request for Court facilitated notice, although there is no express provision in the FLSA pertaining to court-facilitated notice to potential opt-in plaintiffs, district courts have discretion, in appropriate Section 216(b) cases, to authorize and facilitate notice to potential class members. *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989).[8] In

---

[8] *Hoffman-La Roche* involved an age discrimination class under the ADEA, "which incorporates enforcement provisions of the FLSA." 493 U.S. at 167 (internal citation omitted).

*Hoffman-La Roche*, the Supreme Court stated that collective actions allow plaintiffs to pool their resources and provide an efficient vehicle to resolve "common issues of law and fact arising from the same alleged [wrongful] activity" in one proceeding. *Id.* at 170. "These benefits, however, depend on employees receiving accurate and timely notice concerning the pendency of the collective action." *Id.* As a result, the Supreme Court concluded that trial courts are responsible for ensuring that the joinder of additional plaintiffs is accomplished in an efficient manner. *Id.* at 170-71. In facilitating notice, however, "courts must be scrupulous to respect judicial neutrality" as it pertains to the merits of the action. *Id.* at 174.

Plaintiffs argue that if the Court grants their motion to certify a class for the FLSA claims, the Court should order Defendants to produce a list of all non-managerial Baumgart Café employees from June 10, 2015 to the present. Plaintiffs also request that the Court order that Defendants provide contact information for these employees. Plfs. Br. at 10-11. In FLSA collective action cases, courts routinely order employers to produce a list of potential class members to plaintiffs. *See, e.g.*, *Pearsall-Dineen v. Freedom Mortg. Corp.*, 27 F. Supp. 3d 567, 574 (D.N.J. 2014); *Gervasio v. Wawa Inc.*, No. 17-245, 2018 WL 385189, at *5-6 (D.N.J. Jan. 11, 2018). Because Plaintiffs' motion to certify a class is only granted as to deliverymen, the Court will only order Defendants to provide a list of names and contact information for these employees. Defendants must provide the employees' names; the date(s) of employment; and last known contact information, including all known telephone number(s), email address(es), and WhatsApp, WeChat and/or Facebook username(s). To the extent the information exists in an electronic format, Defendants shall provide it in such a format.

Plaintiffs also contend that the opt-in period should extend to three years before the Complaint was filed, rather than two, due to Defendants' willfulness.[9] Plfs. Br. at 14-15. An employer "willfully" violates the FLSA when it "either 'knew' its conduct was prohibited by the FLSA or 'showed reckless disregard for the matter.'" *Souryavong v. Lackawanna County*, 872 F.3d 122, 126 (3d Cir. 2017) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). If there is no finding of willfulness, a claim for unpaid overtime compensation under the FLSA must be "commenced within two years after the cause of action accrued." 29 U.S.C. § 255(a). If an employer willfully violates the FLSA, however, it "extends the FLSA's limitations period from two years to three, bringing another year of lost pay within the scope of the worker's claim." *Souryavong*, 872 F.3d at 126 (citing 29 U.S.C. § 255(a)). "[W]illfulness under the FLSA is established where 'the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA." *Stone v. Troy Constr., LLC*, 935 F.3d 141, 150 (3d Cir. 2019). In this instance, Plaintiffs allege that Defendants failure to post legally required notices and provide required wage statements demonstrates Defendants' willfulness. Plfs. Br. at 14-15. The Court agrees that these allegations sufficiently allege a reckless disregard. Accordingly, the Court will extend the opt-in period from two to three years.

Defendants do not address Plaintiffs' assertion that they failed to provide legally required notices. Instead, Defendants counter that Plaintiffs have not established that an FLSA violation even occurred. Defendants argue that once the Court factors in the value of the two meals that tipped employees received during each workday, the Court must conclude that Plaintiffs were paid

---

[9] To be clear, although Ding's claims "are deemed commenced" for statute of limitations purposes when the Complaint was filed, "[a]n opt-in plaintiff's claim . . . is commenced only later, when her written consent is filed." *Depalma v. Scotts Co. LLC*, No. 13-7740, 2017 WL 1243134, at *2 (D.N.J. Jan. 20, 2017).

12

in accordance with the FLSA. Defs. Opp. at 12. Defendants factual support for this argument comes from a declaration from Ms. Lioe, a former waitress at Baumgart Café. Ms. Lioe states that "the Restaurant provides us free meals." Lioe Decl. ¶¶ 3-4, 9, D.E. 65-6. Ms. Lioe, however, provides no further details such as how many meals, to whom the meals were provided, or the value of these meals. Moreover, Ms. Lioe had a different job than Plaintiffs and did not have any "effective communication" with either named Plaintiff due to a language barrier. *Id.* ¶ 8. As a result, the Court cannot conclude based on this limited evidence that Plaintiffs were consistently provided with two meals each workday, or that the value of these meals negated the alleged failure to pay minimum wage. Moreover, Defendants' argument addresses the merits of Plaintiffs' claims, which the Court is not supposed to assess at the conditional certification stage. *See Goodman*, 2012 WL 5944000, at *5-6.

Plaintiffs also contend that the Court should equitably toll the statute of limitations.[10] Plfs. Br. at 15-16. Equitable tolling "can rescue a claim otherwise barred as untimely by a statute of limitations." *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009) (quoting *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999)). "Equitable tolling is appropriate 'where the employer's own acts or omissions have lulled the plaintiff into foregoing prompt attempts to vindicate his rights.'" *Kelly v. Borough of Union Beach*, No. 10-4124, 2011 WL 551170, at *6 (D.N.J. Feb. 8, 2011) (quoting *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 309 (3d Cir. 1983)). A plaintiff has the burden to establish "that he exercised reasonable diligence and that equitable tolling is appropriate." *Id.* Tolling is appropriate if "some extraordinary

---

[10] Defendants argue that Plaintiffs' claims are barred by the statute of limitations because the Individual Defendants closed the restaurant on September 30, 2017 so nobody who could be a member of the collective action worked for Defendants within the statute of limitations. Defs. Opp. at 12. Defendants, however, provide no evidence to support this assertion. Accordingly, the Court will not deny Plaintiffs' motion on these grounds.

13

circumstance stood in [the plaintiff's] way." *Depalma v. Scotts Co. LLC*, No. 13-7740, 2017 WL 1243134, at *4 (D.N.J. Jan. 20, 2017).

Here, Plaintiffs seek to toll the statute of limitations because Defendants' bankruptcy and travel abroad "has rendered it difficult for Plaintiffs to conduct discovery," which led to "a denial of the preliminary certification." Plf. Br. at 16. Plaintiffs allude to the fact that a single Defendant, Gou-Fu Wang, filed for Chapter 13 bankruptcy in 2019, D.E. 42, and that Defendant Steve Wu was in Taiwan, D.E. 54. Plaintiffs, however, fail to provide any further information or explanation as to how this impacted Plaintiffs' ability to vindicate their rights or otherwise amounts to an extraordinary circumstance. As a result, the Court will not toll the statute of limitations at this time.

Finally, Plaintiffs seek an order approving their proposed form of notice and consent to join form. Plaintiffs provided a proposed form that addresses all non-exempt, non-managerial employees. D.E. 65-2. Accordingly, because Plaintiffs' motion is only granted for a subset of Baumgart Café employees, the parties are required to meet and confer regarding the proposed notice and consent form. The parties are further ordered to submit the proposed notice, with any objections, to the Court for review and approval within thirty days.

### B. Rule 23 Class Action

As discussed, Plaintiffs also seek to certify a Rule 23 class for the NJWHL claims. To do so, Plaintiffs must first demonstrate that the proposed class satisfies the four requirements of Rule 23(a). *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013).

"Rule 23(a)(2) requires Plaintiffs to demonstrate that 'there are questions of law or fact common to the class.'" *Mielo v. Steak 'n Shake Operations, Inc.*, 897 F.3d 467, 487 (3d Cir. 2018) (quoting Fed. R. Civ. P. 23(a)(2)). However, Rule 23(a)(2)'s "language is easy to misread, since

14

any competently crafted class complaint literally raises common questions." *Id.* at 487 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011) (internal quotation omitted)). "A complaint's mere recital of questions that happen to be shared by class members" is insufficient; instead, "'[c]ommonality requires the plaintiff to demonstrate that the class members have suffered the same injury.'" *Id.* (alterations in original) (quoting *Dukes*, 564 U.S. at 349-50) (internal quotation omitted). "What matters . . . is not the raising of common 'questions' . . . but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Dukes*, 564 U.S. at 350 (citation omitted). In other words, Plaintiffs' claims "must depend upon a common contention" whereby "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* In analyzing commonality, a court must focus on whether the defendants' conduct is common as to all class members. *Reyes v. Netdeposit, LLC*, 802 F. 3d 469, 486 (3d Cir. 2015).

Plaintiffs contend that they establish commonality because "Defendants have a straightforward, centralized, uniform policy regarding the pay of employees' compensation at flat rates regardless of the hours worked." Plf. Br. at 18. But as discussed, Li and Ding's affidavits actually establish that there are large discrepancies in how much different categories of employees were paid. Thus, Plaintiffs fail to satisfy the commonality requirement for a class of all non-managerial Baumgart Café employees. Plaintiffs' motion to certify a Rule 23 class, therefore, is denied.[11]

---

[11] Unlike for their FLSA claims, Plaintiffs do not seek, in the alternative, to certify a Rule 23 class only as to deliverymen. But even if Plaintiffs did, it seems unlikely that Plaintiffs could satisfy the numerosity requirement under Rule 23(a)(1). "No single magic number exists" to meet the numerosity requirement. *Summerfield v. Equifax Info. Servs. LLC*, 264 F.R.D. 133, 139 (D.N.J. 2009). Yet, "the Third Circuit has previously held that the numerosity requirement will generally be satisfied 'if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40.'" *Id.* (quoting *Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001)). Plaintiffs argue that

**IV.     CONCLUSION**

For the reasons stated above, and for good cause shown, Plaintiffs' motion for class certification, D.E. 64, is **GRANTED in part** and **DENIED in part**.  The Court certifies a class of deliverymen at Baumgart Café from June 10, 2015 to the present pursuant to 29 U.S.C. § 216(b). Defendants shall provide a list of names and contact information for these employees to facilitate class notice.  In addition to these employees' names, Defendants must also provide the date(s) of employment; and last known contact information, including all known telephone number(s), email address(es), and last known WhatsApp, WeChat and/or Facebook username(s).  To the extent the information exists in an electronic format, Defendants shall provide it in such a format.  In addition, the parties are required to meet and confer regarding the proposed notice and consent form, and must submit the proposed notice, with any objections, to the Court for review and approval within thirty days.  Plaintiffs' motion is otherwise denied.  An appropriate Order accompanies this opinion.

Dated: December 30, 2020

                                                                  John Michael Vazquez, U.S.D.J.

---

a class of all non-exempt, non-managerial employees consists of more than forty people, Plfs. Br. at 17, but only identify five deliverymen who worked at Baumgart Café during the proposed class period, *see* Ding Aff. ¶ 37.